## DUBOURG v. UNITED MOTOR CAR CO., INC.

———

(March 7, 1932. Opinion and Decree.)
(April 4, 1932. Rehearing Refused.)

———

L. L. Dubourg and Dart & Dart, of New Orleans, attorneys for plaintiff, appellee.

Clarence F. Favret, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. United Motor Car Co., Inc., defendant herein, appeals from a judgment against it and in favor of plaintiff, John J. Dubourg, in the sum of $155.85.

On October 7, 1930, Dubourg purchased from the defendant company a new automobile, leaving with defendant his old Graham Paige car as security for an allowance of $200 against the purchase price of the new car. The following agreement was entered into respecting the old car.

"New Orleans, La. October 7th, 1930.
"United Motor Car Co., Inc., 4049 Carrollton Avenue, New Orleans, La.
"Gentlemen: You are hereby authorized to dispose of one 1928 model Graham Paige Sedan, bearing motor #——, serial #——, Louisiana License——. You are to sell this said automobile, title to which I have conveyed to you in lieu of $200 cash advanced me, and you are to furnish me an accounting in connection with the sale of said automobile. It is further understood that I am to be remitted the net proceeds after deducting the $200, as well as any expense in connection with repairs and salesman's commission.
"I hereby declare that the title is clear and free from encumbrance on the aforesaid automobile.
"Yours very truly,
"J. J. Dubourg.
"Accepted: United Motor Car Co., Inc.
"F. J. Johnson, Gen'l. Mgr."

Defendant on November 25, 1930, sold the Graham Paige car by public act for $590, payable $200 in cash and the balance represented by a promissory note. It appears, however, that in lieu of the cash portion of the recited consideration a secondhand Dodge car was accepted. The Dodge was thereafter sold by defendant for $150 or $50 less than was allowed in the trade. In this sale a secondhand Overland was taken in for $50. The Overland was afterwards dismantled or "junked."

After the several transactions mentioned had been consummated, an account was rendered plaintiff as follows:

| | | |
|---|---:|---:|
| Total Credit | | $590.00 |
| Finance Charge Graham Paige automobile | $ 65.00 | |
| Loss on sale of Dodge car | 50.00 | |
| Loss on sale of Overland car | 45.00 | |
| Commission to Mr. Ray Salesman, Dodge car | $ 5.00 | |
| Graham Paige | 22.75 | 27.75 |
| Salaries & Advertising | | 26.76 |
| Cost of Repairing Graham Paige | | 146.40 |
| Cost of Repairing Dodge | | 18.37 |
| Amount advanced Dubourg | | 200.00 |
| Total charges | | 579.28 |
| Balance due | | $ 10.72 |

Plaintiff refused to accept the balance of $10.72 and filed suit for $155.85, whereupon defendant deposited the sum of $10.72 in the registry of the court and

asked that it be relieved of further responsibility.

It will be noted that the agreement, under which plaintiff's Graham Paige automobile was left with defendant, commissioned it to "dispose of one 1928 model Graham Paige Sedan" and "to sell this said automobile, title to which I have conveyed to you in lieu of $200.00 cash advanced me, and you are to furnish me with an accounting" and "I am to be remitted the net proceeds after deducting the $200.00 as well as any expense in connection with repairs and salesman's commission." The words "title to which I have conveyed to you" are entirely inconsistent with the remainder of the instrument and must be considered as meaningless. Neither party to the transaction have treated it as a sale. The instrument evidences a contract of agency whereby the defendant, United Motor Car Co., Inc., is constituted the mandatary of plaintiff for the purpose of selling an automobile. The sale being effected, it was to remit the net proceeds to plaintiff. The only expense chargeable to plaintiff was that relating to repairs and to the commission of the salesman. These expenses plus the $200 cash advanced amounted to $434.15, thus leaving a balance of $155.85. The other charges on the account concern the sale of the Dodge and Overland automobiles. The right to make these charges is claimed upon the ground that it is the custom of the trade when accepting automobiles, under similar contracts, to dispose of them by receiving other cars of less value in exchange until finally a car is obtained of so little value that it cannot be disposed of and the transaction is closed.

There is evidence in the record that this is the custom obtaining among retail dealers in automobiles, but there is no evidence showing or tending to show that the plaintiff, in this case, had any knowledge of the existence of the custom, nor is there any proof that plaintiff consented to such arrangement, either before or after the (his) Graham Paige was disposed of. He cannot be charged for the expense of loss incurred in subsequent transactions to which he was not a party. In accepting the Dodge in lieu of cash, defendant departed from its mandate and acted upon its own responsibility.

When plaintiff left his car with the defendant company he authorized it, as his agent, to sell it and after deducting certain items specified in the contract, the price was to be delivered to him. Under our Code, R. C. C., article 2439 a sale is defined to be "an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself." Defendant was not authorized to exchange the car, but to sell it. If the defendant chose to accept the Dodge in lieu of the cash portion of the sale, it was a matter with which it was alone concerned, and, regardless of the value of the exchanged car, plaintiff, defendant's principal, is entitled to the $200 which it should have received and which, according to the terms of the act of sale, it should have collected in cash.

In California, in a similar situation, the Court of Appeal held otherwise. Meserve v. Smith Bros. et al., 56 Cal. App. 683, 206 P. 105. There may have been some important difference in the facts which has escaped our attention, or perhaps some provision of the California law relative to sales differs from ours. In any event, under the facts of this case, we feel that no other conclusion can be reached.

For the reasons assigned, the judgment appealed from is affirmed.